UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FLEMING,<br><br>    Plaintiff,<br><br>  v.<br><br>MARIN COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 24-cv-03859-RS<br><br>**ORDER EXTENDING TEMPORARY RESTRAINING ORDER** |

Plaintiff in the above-captioned matter filed a motion for a temporary restraining order (TRO) and preliminary injunction on June 27, 2024, seeking to enjoin Defendants from towing the RV in which Plaintiff resides from Binford Road in Marin County. The TRO was granted and is set to expire today, July 11, 2024.

In response to Plaintiff's motion, Defendants offered to withdraw the notice to tow the RV if Plaintiff agreed to seek alternative housing. The parties were consequently ordered to meet and confer regarding Defendants' offer and file a brief by July 10, 2024 regarding the status of their conversations and whether an agreement was reached.

Both parties filed ex parte responses on July 10, 2024 detailing their conversations regarding Defendants' offer. Defendants attached Deputy County Counsel Jacy C. Dardine's declaration to their response. Counsel explained that Plaintiff was provided with a letter with Defendants' proposal to withdraw the notice to tow the RV contingent on several listed conditions. The letter was emailed on July 8, 2024 to Plaintiff's associate, Robert Powelson, who has been providing Plaintiff with communications from the Court and the Defendants as Plaintiff has no

email address listed on the Electronic Court Filing system. That same day, Powelson responded by email to Defendants with a letter written by Plaintiff, in which Plaintiff raised several concerns, including that he was being "singled out" by the County's notice to tow and that Defendants already knew he was working with the Downtown Streets Team, a housing nonprofit organization, to seek alternative housing. He also shared that he had intermittent access to electricity, computer, or an office setting, making it difficult for him to communicate with Defendants via email. The following day, county counsel called Plaintiff via telephone to discuss Defendants' offer. During that call, Plaintiff indicated that he would consider the proposal and get back to counsel. Defendants, however, were unable to get in touch with Plaintiff by the July 10, 2024 deadline to learn whether he accepted their offer.

Plaintiff's brief, filed yesterday, requested an extension of the TRO and that the parties be directed to conduct settlement discussions with the Honorable Robert Illman. Defendants did not directly address whether the TRO should be extended.

Given that the parties only managed to have one meeting regarding Defendants' offer, the TRO is extended for another fourteen days, set to expire on July 25, 2024. The hearing set for July 18, 2024 on Plaintiff's motion for preliminary injunction will remain on calendar. The parties should arrive at 1:30 p.m. at 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing will take place on the 17th floor in Courtroom 3.

At the hearing, the parties are to address whether a preliminary injunction[1] is warranted and if settlement discussions would be fruitful. The parties may each submit a brief addressing these specific questions, limited to five pages, due by 12pm on July 17, 2024. The parties are

---

[1] As a reminder, a party seeking a preliminary injunction must establish four elements: (1) likelihood of success on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tip in its favor, and (4) the public interest favors injunctive relief. *See Winters v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22. The Ninth Circuit has also outlined a "sliding scale" approach, which provides that "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (internal citation omitted).

encouraged to continue their meetings on Defendants' offer to see if there may be some resolution in advance of the hearing.

**IT IS SO ORDERED**.

Dated: July 11, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

<< SHORT ORDER TITLE >>
CASE NO. 24-cv-03859-RS

3